UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ROBERT WESLEY TIBBITTS,<br><br>                Petitioner,<br><br>  v.<br><br>GLEN ARMSTRONG,<br><br>                Respondent. | Case No. 4:19-cv-00155-CWD<br><br>**INITIAL REVIEW ORDER** |

      Pending before the Court in this habeas corpus matter is Petitioner Robert Wesley Tibbitts's request to file a second or successive petition, which he filed in the Ninth Circuit Court of Appeals on February 23, 2019. *See Dkt. 1*. The Ninth Circuit denied the request as unnecessary. *Dkt. 1-1*. Pursuant to the Ninth Circuit's Order, which transferred the case to this Court, the Court has construed Petitioner's request as a habeas corpus petition filed pursuant to 28 U.S.C. § 2254. Petitioner later filed several documents, including attachments, that the Court has construed as a supplement to the petition. *See Dkt. 10*.

      The Court now reviews the petition to determine whether it is subject to summary dismissal pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases ("Habeas Rules"). Having reviewed the record, the Court enters the following Order directing Petitioner to file an amended petition if Petitioner intends to proceed.

**INITIAL REVIEW ORDER - 1**

## REVIEW OF PETITION

Federal habeas corpus relief under 28 U.S.C. § 2254 is available to petitioners who show that they are held in custody under a state court judgment and that such custody violates the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 2254(a). The Court is required to review a habeas corpus petition upon receipt to determine whether it is subject to summary dismissal. Habeas Rule 4. Summary dismissal is appropriate where "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." *Id.*

Petitioner has not included enough facts to proceed on his petition at this time. Nor has Petitioner complied with Habeas Rule 2(d), which requires any habeas petition brought pursuant to 28 U.S.C. § 2254 to "substantially follow either the form appended to these rules or a form prescribed by a local district-court rule." The Court cannot determine from the face of the petition which claims Petitioner is asserting or any of the facts supporting those claims.

The Court will grant Petitioner 28 days to file an amended petition. All of Petitioner's claims and supporting facts must be included in the amended petition—not in other filings such as Petitioner's supplement—and any amended petition must comply with Rule 2(d). The Clerk of Court will be directed to provide Petitioner with this Court's form § 2254 petition, and Petitioner is encouraged and expected to use that form to draft his amended petition.

### APPLICATION TO PROCEED IN FORMA PAUPERIS

Petitioner has requested in forma pauperis status. Petitioner's Application will be granted, which allows Petitioner to pay the filing fee when and as Petitioner can afford to do so, rather than at the time of filing. Petitioner is ordered to pay the $5.00 filing fee when Petitioner next receives funds in Petitioner's prison trust account.

### ORDER

IT IS ORDERED:

1. Petitioner's Application to Proceed in Forma Pauperis (Dkt. 4) is GRANTED. Petitioner may pay the $5.00 filing fee when Petitioner next receives funds in Petitioner's prison trust account.

2. Because an amended petition is required for Petitioner to proceed, Petitioner's "Motion for Amendment from Glen Armstrong, St. Anthony to John Carol I.F. CRC Manager" (Dkt. 6), in which he requests substitution of the Respondent, is MOOT. In an amended petition, Petitioner must name the proper respondent. *See Stanley v. Cal. Supreme Court*, 21 F.3d 359, 360 (9th Cir. 1994) ("A petitioner for habeas corpus relief must name the state officer having custody of him or her as the respondent to the petition. This person typically is the warden of the facility in which the petitioner is incarcerated.").

3. Within 28 days after entry of this Order, Petitioner must file an amended petition as described above. The Clerk of Court will provide Petitioner with

a form § 2254 petition. If Petitioner fails to file a timely amended petition, or if it appears from the face of the amended petition that Petitioner is not entitled to relief, this case may be dismissed without further notice.

DATED: June 19, 2019

_____
Honorable Candy W. Dale
United States Magistrate Judge

**INITIAL REVIEW ORDER - 4**