UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ROBERT WESLEY TIBBITTS,<br><br>    Petitioner,<br><br>v.<br><br>GLEN ARMSTRONG,<br><br>    Respondent. | Case No. 4:19-cv-00155-CWD<br><br>**SUCCESSIVE REVIEW ORDER** |

On June 19, 2019, the Court reviewed Petitioner Robert Wesley Tibbitts's petition for writ of habeas corpus and instructed Petitioner to file an amended petition. (*See* Initial Review Order, Dkt. 11.) Petitioner has done so. (Dkt. 13).

The Court now reviews the Amended Petition pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases ("Habeas Rules").

**REVIEW OF AMENDED PETITION**

**1.    Standard of Law for Review of Petition**

As the Court stated in its Initial Review Order, federal habeas corpus relief is available to petitioners who show that they are held in custody under a state court judgment and that such custody violates the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 2254(a). The Court is required to review a habeas corpus petition upon receipt to determine whether it is subject to summary dismissal. Habeas Rule 4. Summary dismissal is appropriate where "it plainly appears from the face of the petition

**SUCCESSIVE REVIEW ORDER - 1**

and any attached exhibits that the petitioner is not entitled to relief in the district court."
*Id.*

## 2. Discussion

Although the Amended Petition does not identify the conviction from which Petitioner seeks relief in this action, the Bingham County iCourt database indicates that, in Case No. CR-2011-2275, Petitioner was convicted of felony DUI and committed two probation violations. *See* iCourt Database, Bingham County, https://icourt.idaho.gov/ (accessed Aug. 8, 2019).

In the Amended Petition for Writ of Habeas Corpus, Petitioner brings four claims, all of which appear to allege that Petitioner will be incarcerated for longer than his sentence permits—or that his sentence exceeds the statutory maximum—because, on revocation of probation, Petitioner did not receive credit for time served on probation. (*See* Dkt. 13 at 3-6.) That is, Petitioner appears to assert that the forfeiture of time served on probation (also known as "street time") violates the Due Process Clause of the Fourteenth Amendment.[1] Petitioner may also be alleging that the state district court extended or otherwise "modified" his sentence. (*Id.* at 6.)

It appears from the face of the Petition that Petitioner is not entitled to habeas relief. All of Petitioner's claims appear to be based on the forfeiture of street time, which

---

[1] Petitioner cites numerous other constitutional and statutory provisions that do not appear to apply to his claims. For example, he cites the Seventh Amendment, which guarantees the right to a jury trial in federal civil cases and which is not implicated by Petitioner's allegations. (*See* Dkt. 13 at 6.) Petitioner also cites federal sentencing statutes, which do not apply to Petitioner's sentence imposed by an Idaho state court. (*See id.* at 4.) Finally, the Idaho state statutes cited by Petitioner do not apply because federal habeas relief is available only for violations of *federal* law. (*See id.* at 5.)

**SUCCESSIVE REVIEW ORDER - 2**

is not an available basis for relief. In *Roberts v. United States*, 320 U.S. 264 (1943), the United States Supreme Court rejected a similar challenge in the context of reinstating an original sentence without credit for time served on probation. The Court held that it was constitutional for federal courts to suspend imposition of a sentence pending probation and later impose the original sentence upon revocation of probation under a federal statutory scheme. *Id*. at 272–73.

The Ninth Circuit Court of Appeals has similarly held. In *Peltier v. Wright*, 15 F.3d 860, 862 (9th Cir. 1994), the court upheld as constitutional a forfeiture of five years' probation time when an Idaho state court imposed an originally withheld sentence of twenty years after a probation revocation. As one court explained, such a sentence is not "increased or extended," but "merely ... interrupted and deferred by the fact of [a] conditional release." *Woods v. Steiner*, 207 F. Supp. 945, 952 (D. Ma. 1962).

It is unclear whether Petitioner asserts a basis for habeas relief other than the forfeiture of street time. Therefore, the Court will grant Petitioner one final opportunity to amend. Within 14 days after entry of this Order, Petitioner must file a second amended petition that omits any claims based on forfeiture of street time.

**ORDER**

**IT IS ORDERED:**

1. Petitioner's request for appointment of counsel (contained in the Amended Petition) is DENIED without prejudice. Petitioner may renew the request for counsel in a second amended petition.

2. Petitioner must file a second amended petition, as described above, within 14 days after entry of this Order.

3. Because Glen Armstrong appears to be the appropriate Respondent in this case, *see* Habeas Rule 2(a), Petitioner's Motions for Amendment (Dkt. 12 & 14) are GRANTED IN PART, to the extent that Armstrong will remain as the only Respondent.

DATED: November 19, 2019

_____
Honorable Candy W. Dale
United States Magistrate Judge